The **HARTFORD ACCIDENT AND INDEMNITY COMPANY, Plaintiff,**

v.

**Wayne CRIDER, d/b/a Crider & Sons Boring & Jacking Company, Defendant.**

**No. 71 C 1742.**

United States District Court, N. D. Illinois, E. D.

Jan. 11, 1973.

John G. Poust and Jerome N. Groark, Chicago, Ill., for plaintiff.

Bissonnette, Nutting & Vogt, Kankakee, Ill., for defendant.

BAUER, District Judge.

## MEMORANDUM OPINION AND ORDER

This cause comes on the motion of Santucci Construction Co. pursuant to Rule 24 of the Federal Rules of Civil Procedure for leave to intervene in the instant action.

The relevant facts of the instant action are as follows. The plaintiff, Hartford Accident & Indemnity Company ("Hartford") issued a general liability insurance policy to the defendant Wayne Crider, d/b/a Crider & Sons Boring & Jacking Company ("Crider"). Subsequently Crider entered into a contract to do boring and jacking work for the Santucci Construction Company ("Santucci"). At the request of Crider, Hartford issued a "Certificate of Insurance", the exact coverage of which is the matter of dispute in the instant action. While Crider was performing work for Santucci pursuant to the above-mentioned contract, a roadway is alleged to have collapsed as a result of Crider's work. Santucci claims that the collapse was due to the negligence of Crider, and that it has had to expend sums of money in excess of $100,000.00 to complete the work and repair the roadway.

As a result of the above described incident, Santucci filed an action against Crider in the Circuit Court of Cook County, Illinois. In the state court action, Crider attempted to shift the burden of defending the action to Hartford but Hartford has refused to defend and denies that its insurance extended to cover Santucci's claim.

Hartford has filed the instant action in this Court seeking declaratory relief. Specifically, Hartford seeks the declaration that the insurance policy in question does not extend to cover the claim presented by Santucci in the state court action and thus that Hartford has no duty or obligation to appear, defend or indemnify Crider with respect to that claim.

In support of its motion to intervene Santucci contends:

(1) That it is a real party in interest in this litigation inasmuch as defendant Crider individually and without the benefit of the coverage afforded under the plaintiff's insurance contract with defendant is financially irresponsible for the losses sustained by intervenor;

(2) The instant action to interpret the coverage of the insurance policy may, as a practical matter, impair or impede the Intervenor's ability to protect its interest;

(3) The interest of the Intervenor will not be adequately represented in the absence of its intervention.

Santucci claims that its motion to intervene should be granted as a matter of right. As required by subsection (c) of Rule 24, the Intervenor has attached to its motion to intervene as a defendant its answer and counterclaim.

Hartford in opposition to the motion to intervene contends that Santucci is not a real party in interest and should not be allowed to intervene as a matter of right or by permissive intervention.

Subsection (a) of Rule 24 provides for intervention of right upon timely application when either (1) a statute of the United States confers an unconditional right to intervene, or (2) the applicant claims an interest relating to the subject of the action which may as a practical matter be impaired unless intervention is allowed and which existing parties would not adequately represent.

Since there is no statutory right for Santucci's intervention in this action, the Intervenor brings this motion under Rule 24(a)(2).

In order to prevail in a motion for intervention, three prerequisites must be satisfied by the Intervenor:

(1) An interest in the subject of the action must be asserted;

(2) There must be a possibility that the disposition of the action may,

as a practical matter, impede protection of the interest; and

(3) There must be a showing that the Intervenor's interest would not be adequately represented by existing parties.

It is the opinion of this Court that Santucci, the Intervenor in the instant action, has established the prerequisites for intervention under Rule 24(a)(2).

## I. SANTUCCI HAS AN INTEREST IN THE INSTANT ACTION.

■ It is well settled that all that is required to satisfy the first prerequisite of Rule 24(a)(2) is an interest in the right(s) that are at issue in the litigation. See Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir., 1970), certiorari denied Trefina AG v. United States, 400 U.S. 878, 91 S.Ct. 118, 27 L. Ed.2d 115, rehearing denied 400 U.S. 1025, 91 S.Ct. 580, 27 L.Ed.2d 638; In re Oceana International, Inc., 49 F.R.D. 329 (S.D.N.Y., 1970). The plaintiff Hartford has cited numerous cases which have denied intervention based on the insufficiency of the interests of the putative intervenor. Air Lines Stewards and Stewardesses Assoc. v. American Airlines, Inc., 455 F.2d 101 (7th Cir., 1972); Edmonson v. State of Nebraska, 383 F.2d 123 (8th Cir., 1967); Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F.2d 564 (7th Cir., 1963); Apache County v. United States, 256 F.Supp. 903 (D.C.1966).

Santucci's interest in the instant action is clearly apparent. All the cases cited by Hartford denied intervention because of the speculative nature of the Intervenors' claim and thus are clearly distinguishable from the instant case. Santucci, the Intervenor, has a vital interest in the subject matter of the instant action. Specifically, the instant action will determine whether Hartford's insurance policy extends to cover Santucci's claim against Crider. Santucci's interest in the extent of Hartford's insurance coverage of Crider is heightened by the alleged financial irresponsibility of Crider. See Martin v. Travelers Indemnity Co., 450 F.2d 542 (5th Cir. 1971).

## II. SANTUCCI IS SO SITUATED THAT DISPOSITION OF THE INSTANT ACTION MAY, AS A PRACTICAL MATTER, IMPAIR OR IMPEDE ITS ABILITY TO PROTECT ITS INTEREST.

As noted above, in the event of a favorable judgment in the state court lawsuit, there is a strong probability that if Santucci is not allowed to intervene in the instant action it will be compelled to bring action against Hartford in order to collect on any judgment against Crider. Such suit would involve the precise issue presently before this Court. Considerations of judicial economy compel this Court to allow intervention in order to avoid duplication of litigation. In addition, prior determination of the instant action in Hartford's favor might very well prejudice any future action by Santucci against Hartford. Thus, if intervention were not allowed, any disposition of the instant action might very well involve a practical impairment or potential disadvantage to Santucci's possible recovery of his State Court claim.

## III. SANTUCCI'S INTEREST IS NOT ADEQUATELY REPRESENTED BY CRIDER IN THE INSTANT ACTION.

■ It is well settled that where the purported representative actually represents an interest adverse to that of the party seeking intervention, the representation is obviously not adequate. Diaz v. Southern Drilling Corp., supra.

Crider who is a defendant in the state lawsuit initiated by Santucci represents an interest adverse to Santucci's. Accompanying its motion for intervention, Santucci has asserted a counterclaim based on the Certificate of Insurance issued on behalf of Crider by Hartford. This counterclaim is not available to Crider.

Santucci's interest is best represented by Santucci and cannot be adequately represented by any of the existing parties.

▓▓ Thus Santucci, the Intervenor, has an interest in the subject matter of the instant action; that interest, as a practical matter, may suffer impairment by the disposition of this action; and the interest is not adequately represented by defendant Crider. Further, justice would require Santucci's intervention in order that there be an expeditious and complete resolution to the question of Hartford's insurance coverage.

Accordingly, it is hereby ordered that Santucci's motion for leave to intervene in the instant action is granted.