PIEDMONT HEIGHTS CIVIC CLUB, INC., Atlanta Coalition on the Transportation Crisis, Inc., Sandra Carnet, Gayle Burbidge, Jean Downing, Alfred Bernhardt and Evelyne Parkerson

v.

Thomas D. MORELAND, Individually and in his official capacity as Commissioner of Transportation of Georgia, the Georgia Department of Transportation, Brock Adams, Individually and in his official capacity as Secretary of the United States Department of Transportation, the United States Department of Transportation, Karl Bowers, Individually and in his official capacity as Administrator of the Federal Highway Administration, and the Federal Highway Administration.

Civ. No. C79-922A.

United States District Court, N. D. Georgia, Atlanta Division.

July 18, 1979.

---

John R. Myer, Edgar A. Neely, Jr., Atlanta, Ga., for plaintiffs.

William L. Harper, U. S. Atty., Robert J. Castellani, Curtis E. Anderson, Asst. U. S. Attys., Atlanta, Ga., for Federal defendants.

Arthur K. Bolton, Atty. Gen., State of Georgia, Roland F. Matson, Asst. Atty. Gen., Atlanta, Ga., William D. Mallard, Jr., Mallard & McDonald, Atlanta, Ga., for State defendants.

Sidney O. Smith, Jr., Alston, Miller & Gaines, Atlanta, Ga., for defendants-intervenors.

Harvey M. Koenig, Atlanta, Ga., for movant for intervention Atlanta Regional Commission.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

Presently pending before the court is the joint motion to intervene of Central Atlanta Progress, Inc.; the Atlanta Chamber of Commerce; Trans Facts, Inc.; The Buckhead Business Association, Inc.; and the DeKalb Chamber of Commerce, Inc., as well as the separate motion to intervene of the Atlanta Regional Commission [hereinafter. "ARC"]. Plaintiffs brought this action seeking injunctive and declaratory relief to remedy an alleged failure on behalf of defendants to comply with various federal statutory requirements [1] while preparing to increase the capacity of the interstate highway system within the metropolitan Atlanta area. Plaintiffs primarily allege violations of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* (hereinafter "NEPA"). Five of the proposed intervenors are nonprofit corporations organized for the general purpose of advancing the City of Atlanta in varying areas, including population, commerce, social improvement, transportation, and other civic and cultural interests. Movant ARC is a quasi-governmental planning agency which is responsible for the continuing development of a blueprint for future growth of the metropolitan Atlanta area. All movants seek intervention as a matter of right pursuant to rule 24(a)(2) of the Federal Rules of Civil Procedure or in the alternative permissive intervention pursuant to rule 24(b)(2).

Rule 24(a)(2) provides in relevant part that

[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

It is well settled that each of the four requirements of rule 24(a)(2) must be met before intervention will be allowed: (1) there must be a timely application made; (2) the applicant must have a protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be in a position such that the disposition of the action may, as a practical matter, impair or impede his interest; and (4) that interest must be inadequately represented by the existing parties to the suit. *See International Tank Termi-*

---

1. The complaint alleges a suit in equity arising under the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.;* the Federal-Aid Highways Act, 23 U.S.C. § 101 *et seq.;* the Parklands Statute, 23 U.S.C. § 138; the Rivers and Harbors Act of 1899, 33 U.S.C. § 403; the Federal Water Pollution Control Act, 33 U.S.C. § 1344; the Administrative Procedure Act, 5 U.S.C. § 706(2), and regulations promulgated thereunder.

*nals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964 (5th Cir. 1978). The first requirement listed is apparently not in dispute in this action as the motions for intervention were made within a short period after the commencement of the action and prior to any significant action being taken by the court. In this court's view the second requirement provides the threshold determination where intervention is sought, for it is the interest of the proposed intervenor in the action that precipitates its entry into the proceeding.

Prior to the 1966 amendment, rule 24(a)(2) allowed intervention in situations wherein the applicant may be bound by a judgment in the action or where the applicant may be adversely affected by distribution of property in custody of or subject to disposition by the court. *See Atlantis Development Corp. v. United States,* 379 F.2d 818 (5th Cir. 1967). The language of the former rule, requiring that a proposed intervenor show that he may be bound by a decision, led to anomalous results where a party who may be greatly affected as a practical matter might still be denied intervention. The rule was interpreted in a narrow sense, and the word "bound" in the former rule came to be equated with the principles of res judicata. *See Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961).[2] As a result of such a narrow construction, rule 24 was significantly amended in 1966 to its present text as quoted above. The intended effect of the amendments was to provide a broader and more practical application of the rule. The current rule, however, does retain a reference to interest on the part of the applicants. The Fifth Circuit Court of Appeals has defined the interest element of rule 24(a)(2) as requiring a

" 'direct, substantial, legally protectable interest in the proceedings.' " *See United States v. Perry County Board of Education,* 567 F.2d 277, 279 (5th Cir. 1978), *quoting Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir. 1970). *See also Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *United States v. Carrols Development Corp.,* 454 F.Supp. 1215, 1219 (N.D.N.Y.1978).

After substantial review and consideration of the particular facts and circumstances of this case, the court finds that the requisite interest is lacking.[3] Plaintiffs consist of several individuals and private civic groups who allege that they are aggrieved by failure on the part of defendants to comply with the procedural requirements of NEPA and the Federal Highway Act, as well as a variety of other federal statutes regulating governmental projects. It follows, therefore, that defendants of a suit brought to require compliance will be governmental entities. Certainly the applicants for intervention in this action, other than the ARC, are not nor could they ever be defendants in this suit or a similar suit brought for enforcement of the statutes in question. It is conceivable that the ARC, being a quasi-governmental body, could under some circumstances properly be a defendant in an action such as the present one.[4] Here, however, the interest which ARC seeks to protect concerns the use of population figures which it has compiled for use in the formation of a comprehensive development plan for the metro Atlanta area. As a result, the motion of ARC shows an extremely limited interest in this litigation not in any way comparable to the interest of the governmental bodies charged with compliance.

**2.** Former rule 24(a) led to other anomalous results which the 1966 revision sought to remedy. *See* Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure* (I), 81 Harv.L.Rev. 356 (1967).

**3.** Although the court's holding pretermits discussion of the remaining requirements, the court has grave doubt as to whether the pro-

posed intervenors are not adequately represented concerning the limited issues presented to the court in this action.

**4.** For a previous ruling by this court addressing a related issue, see *Atlanta Coalition on the Transportation Crisis v. Atlanta Regional Commission,* Case No. C74–514A (N.D.Ga. July 9, 1975) (O'Kelley, J.).

■ A finding that except in unusual circumstances the movants could not be defendants in this case or one involving the issues to be tried does not foreclose their intervention. Such a finding does, however, go to their lack of a legally protectable interest as defendants. Not only will the holding in this case not be res judicata as to the proposed intervenors, but it is also difficult to conceive of a subsequent action brought by them or against them wherein the *stare decisis* effect of this court's limited holding would be of significant relevance.

■ Certainly there are situations wherein a private party may intervene as a defendant in a suit brought against a governmental agency. In the cases of *Natural Resources Defense Council v. United States Nuclear Regulatory Commission,* 578 F.2d 1341 (10th Cir. 1978), and *Natural Resources Defense Council v. Costle,* 183 U.S. App.D.C. 11, 561 F.2d 904 (1977), suits were brought to prohibit issuance of licenses or implementation of regulations by the defendant federal agencies. In each case private corporations who were to receive the licenses or be subject to the proposed regulations were allowed to intervene as a matter of right. In those cases, however, the legal rights of the intervenors to operate their respective businesses were the subject matter of the law suits, and the holding would clearly bind them. Such a direct substantial effect on the intervenors is absent in this action.[5]

■ The decisions in this circuit are consistent in requiring that there be a direct and immediate effect on a specific and legally protectable right before intervention is allowed as a matter of right. In *Finch v.*

*Mississippi State Medical Association, Inc.,* 585 F.2d 765 (5th Cir. 1978), the court indicated that certain medical associations would be allowed to intervene as defendants in a suit brought to void the method by which the members of the State Board of Health are composed. It was noted in that case, however, that should plaintiffs prevail, the associations would lose their statutory right to nominate candidates for appointment to the Board of Health. Where the result of an action may be to invalidate a statutory right given to a specified organization, that organization possesses a sufficiently direct and substantial interest in the proceedings. The interest which the applicant seeks to protect need not, however, be a statutory one. In *Stallworth v. Monsanto,* 558 F.2d 257 (5th Cir. 1977), white employees sought to intervene in an action by black employees whereby seniority rights of the white employees might be affected. The court found that if the applicants could show on remand that a contractual relationship existed between themselves and the defendant, intervention should be allowed. Here, there is no immediate statutory or contractual relation between plaintiffs or defendants and the movants for intervention.

Certainly the proposed intervenors have a great interest in the development of the metropolitan Atlanta area. That purpose is, in fact, the reason for their existence. Included in their interests, of course, is the proper development of area transportation facilities. This generalized interest is, however, insufficient to provide the applicants with a right to intervene in a case involving alleged procedural violations of statutory provisions designed for the protection of the environment.[6] The question to be answered

---

5. *See also New York Public Interest Research Group, Inc. v. Regents of University of State of New York,* 516 F.2d 350 (2d Cir. 1975) (pharmaceutical association allowed to intervene as defendant in action brought to prohibit enforcement of regulations binding upon pharmaceutical profession); *Brooks v. Flagg Brothers, Inc.,* 63 F.R.D. 409 (S.D.N.Y.1974) (warehousemen's association allowed to intervene as defendant in suit to have warehousemen's lien laws declared unconstitutional).

6. Applicants cite the case of *United States v. Reserve Mining Co.,* 56 F.R.D. 408 (D.Minn. 1972), in support of their motion. In that case the United States brought an abatement action against certain discharges into Lake Superior. The court allowed intervention of several local governments and civic associations similar to those seeking intervention in the case *sub judice.* Disregarding the apparently broad scope of review presented in that case, this court views that court's statement of the law of inter-

by the court in this action is whether the state and federal agencies have met their correlative duties by complying with certain statutory requirements, including those specified by NEPA, before proceeding with the highway construction projects in question. The holding of the court will not affect a statute which governs the movants' actions, nor will it directly alter contractual or other legally protectable rights of the organizations seeking intervention. Certainly the applicants for intervention are concerned with the outcome of the present litigation, as it may affect the future capabilities of the metropolitan transportation system. Their interest, however, is in the outcome of the suit as it might affect their concept of the future of the metropolitan area; it is not in the legal question to be answered by the court. As a result, the court finds that the applicants do not possess a right to intervene in this action pursuant to rule 24(a)(2) of the Federal Rules of Civil Procedure.[7]

All movants, in the alternative, seek permissive intervention pursuant to rule 24(b)(2) of the federal rules. That section provides that the court may allow intervention where the "applicant's claim or defense and the main action have a question of law or fact in common." The interest requirement of rule 24(b)(2) is much less stringent and does not require a direct personal or pecuniary interest in the subject of the litigation. *See SEC v. United States*

*Realty & Improvement Co.,* 310 U.S. 434, 459, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940); *United States v. Local 638, Enterprise Association,* 347 F.Supp. 164 (S.D.N.Y.1972). In determining the question of permissive intervention, the trial court is granted broad discretion in applying the rule under the circumstances of the case at hand. *See Cisneros v. Corpus Christi Independent School District,* 560 F.2d 190, 191 (5th Cir. 1977). As previously discussed, the issues to be decided by this court concern whether or not the governmental defendants have complied with certain federal laws. The court is not called upon to make basic value judgments as to the desirability of the proposed highway changes. Because of the relatively narrow legal issues presented, the court finds it inadvisable to allow intervention by parties with such an attenuated interest in the legal issues before the court. Although the court might otherwise welcome the participation of learned counsel for the proposed intervenors as well as the additional expertise provided by the presence of their clients, the court does not wish to establish what it views to be a dangerous precedent. Should the interests expressed by the proposed intervenors be found sufficient to allow intervention, the door would indeed be open wide for all who wish to express an opinion on this city's transportation future to intervene. The court is mindful of Judge Tamm's admonition that

vention to be significantly broader than the "narrow reading" of rule 24 adopted in this circuit. *See United States v. Perry County Board of Education,* 567 F.2d 277, 279 (5th Cir. 1978).

The court is also familiar with two cases involving environmental issues similar to those presented by plaintiffs wherein intervention as defendants was allowed by applicants in a position somewhat similar to movants. *See Sierra Club v. Morton,* 169 U.S.App.D.C. 20, 514 F.2d 856 (1975) (coal companies, utility companies, and an Indian tribe); *National Rifle Association of America, Inc. v. Kleppe,* 425 F.Supp. 1101 (D.D.C.1976) (conservationist groups). Neither case, however, specifies whether the intervention was of right or permissive or discusses the basis upon which intervention was allowed. As such, they are of little precedential value.

7. In reaching its holding, the court finds comfort in the advisory committee's notes to the 1966 amendment to rule 24. The committee states therein that "[t]he amendment provides that an applicant is entitled to intervene in an action when his position is comparable to that of a person under Rule 19(a)(2)(i), as amended . . . .." Rule 19(a)(2)(i) provides for joinder of persons needed for a just adjudication. Should plaintiffs in this action seek to join the proposed intervenors pursuant to rule 19(a)(2)(i), it would be very doubtful that the court would find their presence necessary for a just adjudication. *See* Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure* (I), 81 Harv.L.Rev. 356 (1967).

[t]he trend is toward justification of intervention upon incantation of the phrase "it won't do any harm." I respectfully submit that painting with such broad amorphous strokes absent an analysis of the hues and textures employed can only lead to a collage-cluttered canvas sans symmetry or perspective. . . . [W]e should be . . . wary, lest the manageable lawsuit become an unmanageable cowlick.

*Wilderness Society v. Morton,* 150 U.S.App. D.C. 170, 172, 463 F.2d 1261, 1263 (1972) (Tamm, J. concurring).

In effect, the court is presented with what it perceives to be a classic amicus curiae situation. The groups in question have a genuine concern over the outcome of the litigation, yet they stand at such a distance to it that their participation as intervenors might significantly complicate the proceedings. Accordingly, and for the above-stated reasons, the pending motions for permissive intervention pursuant to rule 24(b)(2) should be denied. A separate order denying intervention has been entered.