**NEW HAMPSHIRE INSURANCE COMPANY**

v.

**Charles GREAVES.**

**Civ. A. No. 85–0409 P.**

United States District Court, D. Rhode Island.

May 12, 1986.

Bertram E. Snyder, Boston, Mass., Arthur Read, Providence, R.I., for plaintiff.

Eugene F. Toro, Providence, R.I., for defendant Greaves.

Thomas H. Caruolo, Providence, R.I., for intervenor Pfanstiehl.

Joseph Cavanagh, Jr., Providence, R.I., for intervenors Taylors.

## OPINION AND ORDER

PETTINE, Senior District Judge.

### I. Factual Background

On the evening of August 10, 1984, a 22 foot Boston Whaler owned and operated by defendant Charles F. Greaves ("Greaves") collided with another boat on Narragansett Bay. On board at the time, among others, were Corrine Taylor and her daughter Lindsey. Both Corrine and Lindsey were thrown overboard and were struck by the bow of the second vessel, allegedly owned by Paul E. Pfanstiehl ("Pfanstiehl"). As a result of the accident, Corrine suffered severe injuries which resulted in her death. Lindsey suffered head injuries which required extensive medical treatment. David and Christopher Taylor were also passengers on Greave's boat, but were not injured in the collision.

On July 31, 1985 David, Lindsey, and Christopher Taylor commenced an action in Providence County Superior Court against Greaves and Pfanstiehl. The action alleges wrongful death, tortious injury, loss of consortium, society, and companionship, and negligent infliction of emotional distress.

On or about July 3, 1985, plaintiff New Hampshire Insurance Company ("Insurer") filed the present action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, as to the validity of a $300,000 liability insurance policy issued by insurer to Greaves. Insurer alleges that as a result of certain misrepresentations and concealments made by Greaves in connection with his application for insurance, the policy may properly be rescinded.

Presently before this Court are two separate motions, one brought by David, Lindsey, and Christopher Taylor and one brought by Pfanstiehl, to intervene, pursuant to Fed.R.Civ.Pro. 24(a)(2), as defendants in this action. For the reasons discussed below, Taylor's motion is granted and Pfanstiehl's motion is denied.

### II. Analysis and Reasoning

Rule 24(a) of the Federal Rules provides for intervention as of right as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ Aside from instances in which there is an unconditional statutory right to intervene, Rule 24(a) creates a three-prong test for determining an individual's right to intervene: intervention must be permitted if (1) the applicant claims an interest relating to the property or transaction that is the subject of the action, (2) the applicant is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, and (3) the applicant's interest is not adequately represented by existing parties. *Moosehead San. Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 52 (1st Cir.1979); *see also, Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 292 (6th Cir.1983); *Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Association*, 646 F.2d 117, 120 (4th Cir.1981); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1908 (1972).

### A. The Taylors have an interest relating to the property or transaction that is the subject matter of the action.

This element of the three part intervention test presents the most difficult hurdle

for the perspective intervenors ("intervenors"). The text of Rule 24(a) does not specify or elaborate upon the type of interest sufficient to entitle a movant to intervention. "There is not as yet any clear definition, either from the Supreme Court or from the lower courts, of the nature of the 'interest relating to the property or transaction which is the subject matter of the action' that is required for intervention of right." Wright, *supra*, § 1908. What constitutes an interest under the rule remains ambiguous. *Meridian Homes Corp. v. Nicholas W. Prasses & Co.*, 683 F.2d 201, (7th Cir.1981). While the Supreme Court has said that the word interest "obviously" means "a significantly protectible interest," *Donaldson v. U.S.*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971), the phrase "significantly protectible interest" is not a term of art in the law and there is considerable disagreement as to what it means.

In 1966, Rule 24 was amended to provide a broader and more practical application of the rule, so that courts could be guided by the policies behind the interest requirement. 26 Fed.Proc., L.Ed. § 59:269 *citing Piedmont Heights Civic Club Inc. v. Moreland*, 83 F.R.D. 153 (N.D.Ga.1979) and *Nuesse v. Camp*, 385 F.2d 694 (D.C.Cir. 1967). While some courts have ruled that the 1966 amendments "broaden[ed] the kind of interests cognizable as a basis for intervention as of right," *Meridian*, at 203, some commentators believe that "there is nothing in the amended rule or its attendant commentary to indicate that it effected a change in the kinds or type of interest required." 26 Fed.Proc.L.Ed. § 59:269 citing *Hobson v. Hansen*, 44 F.R.D. 18 (D.C. D.C.1968).

While the Supreme Court in *Donaldson* interpreted interest to mean a "significantly protectible interest," lower courts reaching the issue have used a different description of the interest requirement, defining it as a "direct, substantial legally protectible interest in the proceedings." *See e.g., Liberty Mutual Ins. Co., v. Pacific Indemnity Co.*, 76 F.R.D. 656 (W.D.Pa.1977). Some courts have held that "the right or interest which will authorize a third person to intervene must be of a direct and immediate character so that the intervenor will either gain or lose by the direct legal operation of the judgment." 67A CJS 2nd Parties § 575. Numerous state courts have held that the interest is insufficient if it is indirect and contingent, remote, conjectural and indirect, consequential, or collateral. *See id.*, and cases cited therein. The would-be intervenor must have a concern which is more than mere curiosity, or academic or sentimental desire. 59 Am.Jur.2d § 138. The issue at bar—an injured party's right, without a judgment, to intervene in a coverage dispute between insurer and insured has not been decided by this court or any court in this circuit. Only three federal cases seem to address this identical issue—all district court decisions in other circuits. Two of these cases denied intervention because the movant's tort claim was contingent upon ability to prevail at trial; the other case granted intervention since neither party objected. See *Liberty Mutual, supra; Petrochemical v. Aetna Cas. and Sur. Co.*, 105 F.R.D. 106 (1985) (D.C.); and *Great American Ins. Co. v. Dunn Corp.*, 580 F.Supp. 1287 (W.D.Mich. 1984). In *Liberty Mutual*, the plaintiff in a personal injury action against the manufacturer and seller of a swimming pool sought to intervene in a federal declaratory judgment action brought by the seller's insurer against the manufacturer's insurer. Intervention was denied on the grounds that the would be intervenor's interest was "contingent upon a favorable result in an associated law suit." 76 FRD at 658. In *Independent Petrochemical*, tort claimants sought to intervene in a declaratory judgment action brought by the alleged tortfeasor against its insurers. Intervention was denied. Relying in part upon *Liberty Mutual*, the court concluded that "at a minimum, an intervenor must demonstrate more than a mere provable claim in order to satisfy the threshold interest required by the rule." 105 F.R.D. at 110.

While there are relatively few subsequent court decisions and scholarly com-

mentaries which have considered this issue, most have adopted the position set forth in the *Liberty Mutual* line of cases: a movant whose tort claim is wholly contingent on his ability to obtain a judgment in a separate suit may not intervene. It seems clear, however, that what constitutes a sufficient interest is a factual question which should be determined on a case by case basis. The mere fact that an interest is contingent upon success in some other proceeding should not necessarily bar intervention.

In *Hartford Accident and Indemnity Company v. Crider*, 58 F.R.D. 15, 18 (N.D. Ill.1973), a construction company was permitted to intervene in a declaratory action brought by an Insurer seeking a determination that the policy issued to the defendant company did not cover a construction contract's claim against the company. The district court held that the contractor's interest in the insurance proceeds was sufficient to support intervention by the contractor, finding that:

> ... (t)he Intervenor, has a vital interest in the subject matter of the instant action. Specifically, the instant action will determine whether (insurer's) insurance policy extends to cover (the would be intervenor's) claim against the (defendant). (The Intervenor's) interest in the extent of insurance coverage of (the defendant) is heightened by the alleged financial irresponsibility of (the defendant).

While the contingent nature of the movant's interest is certainly an important factor which should influence the court in its determination as to the appropriateness of intervention, this one factor alone should not be determinative. The interests of justice are best served by looking to both the letter and the spirit of F.R.C.P. 24(a) and determining on a case by case basis whether intervention should be granted. Some of the factors that the Court should consider when evaluating a petition for intervention to determine if there is adequate interest include: basis of the movant's concert with the litigation, degree of interference with the pending litigation which may result, probable result on judicial process (e.g. needless complication or ultimate consolidation and simplification), right of original parties to control the destiny of their own suits vs. actual hardship to the parties created by permitting intervention, etc. There is nothing in the wording or the history of Rule 24 which indicates intent to exclude would be intervenors whose interest in the pending litigation is not yet vested. In many instances, such exclusion would seem highly inappropriate and unjust. This case presents one such instance. The basis of the movant's concern with the litigation is clear and is discussed more fully in part B, below. Permitting the Taylors to intervene will create little or no interference with or complication of the litigation. The insurer, having brought the declaratory judgment action, is forced to present its case as to why the policy should be invalidated. Surely it runs counter to our notions of fairness and justice to find that the company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only be aided and served by the assistance of the strongest possible arguments by counsel.

## B. *Disposition of the Action Would as a Practical Matter Impair or Impede the Taylor's Interest.*

If the Taylors are not permitted to intervene in this action, they will likely find themselves without an adequate remedy even if they succeed in their state court action. The outcome of this suit between the insured and the insurer is of critical importance to the Taylors. The insurer seeks to invalidate the $300,000 liability insurance policy issued to Greaves' boat at the time of the collision. The present action by the insurer was evidently prompted by the accident and the potential claims against Greaves. If the insurer should pre-

vail in the instant action, the Taylor's only recourse will be against the uninsured Greaves, who is without sufficient assets from which to satisfy any substantial judgment. While the possibility that a potential judgment may be more difficult to collect is not alone sufficient impairment to support intervention as of right, in this instance the potential judgment may become impossible to collect. (Except through bankruptcy proceedings, which may of course produce inadequate funds).

### C. *The Taylor's Interest is not Adequately Represented in the Action.*

The third requirement of Rule 24(a) is that the movant's interest not be adequately represented by existing parties. Such is the case here. Greaves apparently lacks the financial means and the motivation to incur the significant litigation expenses which a thorough defense of this action may require. He may not be as vigorous in his opposition of the insurer's attempt to invalidate the policy as the Taylors would like, since he retains the option of filing for bankruptcy if faced with personal liability for a substantial judgment.

The decision as to whether Rule 24(a) intervention as of right is proper is a fact based case specific one. I do not today hold that any potential creditor of a defendant in a declaratory judgment action brought by an insurer has a right to intervene in that action. I merely find that such an interest is not necessarily too remote or contingent to satisfy the first part of the three pronged test. If the totality of the facts and circumstances indicate that all three prongs are met, intervention is proper.

As to Pfanstiehl the motion to intervene is denied. He is not in the same perilous position as the Taylors with respect to possible harm and any interest that he may have that might not have been adequately represented in the suit is now protected by the Taylor's participation.