**EMPLOYERS REINSURANCE CORPORATION, Plaintiff,**

v.

**James O. BAKKER, David A. Taggart, and Aimee Cortese, Defendants.**

No. C–C–90–0129–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 9, 1990.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on a Motion to Intervene, filed May 30, 1990. The persons seeking intervention into this action are the class of Plaintiffs in *Teague v. Bakker* (hereafter "the *Teague* Plaintiffs"), which has been assigned the case number C–C–87–514–M and is pending before the Honorable James B. McMillan, Senior Judge of the Western District of North Carolina (hereafter "the *Teague* Class Action"). The *Teague* Plaintiffs have filed their lawsuit against Defendants

---

Bakker, Taggart, and Cortese, among others, for their acts and omissions while associated with Heritage Village Church (hereafter "the Church"). The *Teague* Plaintiffs now are seeking to intervene in this action as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. The Plaintiff, Employers Reinsurance Corporation (ERC), opposes the *Teague* Plaintiffs' Motion to Intervene.

## I. FACTUAL AND PROCEDURAL BACKGROUND

ERC issued an insurance policy (hereafter "the Policy") to the Church providing to the Church and certain persons associated with the Church insurance coverage for certain specified claims. On April 27, 1990, ERC filed this declaratory judgment action seeking a declaration that ERC has no obligation under the Policy to any of the Defendants for, and that the Policy does not provide coverage for, any of the claims asserted in the *Teague* Class Action. ERC contends essentially that the Policy does not cover the claims asserted in the *Teague* Class Action because, among other things:

1. The Defendants breached their obligations under the Policy;

2. The claims asserted in the *Teague* Class Action are not the type of claims specifically covered by the Policy;

3. Many allegations in the *Teague* Class Action involve acts predating the execution of the Policy; and

4. The Defendants are barred under the doctrines of waiver, estoppel, laches, and unclean hands from contending that the Policy covers the claims asserted in the *Teague* Class Action.

Each of the three Defendants has filed a responsive pleading to ERC's Complaint. Defendants Bakker and Cortese have filed Counterclaims against ERC essentially seeking a declaration that the Policy covers their acts in connection with the Church and any judgments obtained against them

for their acts in connection with the Church. Thus, the dispute between ERC and the Defendants is a dispute between an insurer and its insureds concerning the existence and extent of coverage of an insurance policy.

On May 30, 1990, the *Teague* Plaintiffs filed their Motion to Intervene. The *Teague* Plaintiffs attached to their Motion to Intervene a proposed Answer and Crossclaim. The *Teague* Plaintiffs' Crossclaim apparently contains all of the allegations and claims for relief raised in the *Teague* Class Action.[1]

To support their Motion to Intervene, the *Teague* Plaintiffs contend that because each of the requirements of Rule 24(a) is satisfied, they have the right to intervene in this action. The *Teague* Plaintiffs contend, first, that their Motion to Intervene is timely. The *Teague* Plaintiffs claim, also, that they have an interest in this suit because the Policy may provide coverage for some of the actions of the defendants in the *Teague* Class Action, and thus may help pay any judgment rendered in the *Teague* Class Action. The *Teague* Plaintiffs contend, further, that the disposition of ERC's declaratory judgment action may as a practical matter impair or impede their ability to protect their interest because the Policy, and its proceeds, are part of the assets against which the *Teague* Plaintiffs might collect a judgment, if one is rendered in their favor in the *Teague* Class Action. The *Teague* Plaintiffs contend, finally, that the Defendants in ERC's declaratory judgment action do not adequately represent the interest of the *Teague* Plaintiffs.

## II. THE APPLICABLE LAW AND THE COURT'S ANALYSIS

Rule 24(a) of the Federal Rules of Civil Procedure governs the disposition of the *Teague* Plaintiffs' Motion to Intervene.

---

1. In their Crossclaim, the *Teague* Plaintiffs allege in fifteen counts violations of the federal Racketeer Influenced and Corrupt Organizations Act; violations of the North Carolina Racketeer Influenced and Corrupt Organizations Act; fraud under and other violations of

the North Carolina Time Share Law and the South Carolina Time Share Law; violations of the federal, North Carolina, and South Carolina securities laws; common law and statutory fraud; unfair trade practices, and negligence.

Rule 24(a) provides in pertinent part as follows:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

F.R.Civ.P. 24(a). This Court has recognized that to succeed on a motion to intervene brought pursuant to Rule 24(a)(2), a party seeking to intervene must meet four criteria: (1) Its application must be timely; (2) it must claim an interest in the subject of the action; (3) without intervention, its interest in the subject of the action, as a practical matter, may be impaired; and (4) the present litigants fail adequately to represent the intervenor's interest. *Brock v. McGee Brothers Co.*, 111 F.R.D. 484, 486 (W.D.N.C.1986); *see Feller v. Brock*, 802 F.2d 722, 729 (4th Cir.1986); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir.1981); *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976). The United States Court of Appeals for the Fourth Circuit has acknowledged that intervention generally is desirable to dispose of controversies "involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller*, 802 F.2d at 729 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir.1967)).

The timeliness of the *Teague* Plaintiffs' Motion to Intervene is not at issue. The *Teague* Plaintiffs filed their Motion to Intervene within a month after ERC filed its declaratory judgment action and before the Court ruled on any substantive issue in the case.

The threshold issue for the Court to resolve, therefore, is whether the *Teague* Plaintiffs' interest in this declaratory judgment action is a sufficient interest to entitle them to intervene in this dispute between ERC and its insureds. Rule 24(a) does not specify the nature of the interest necessary for a party to intervene as a matter of right. F.R.Civ.P. 24(a); *see New Hampshire Insur. Co. v. Greaves*, 110 F.R.D. 549, 551 (D.R.I.1986). The United States Supreme Court has recognized, however, that the interest must be "a significantly protectible interest." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The Supreme Court implicitly has rejected the concept that the interest must be a specific legal or equitable interest. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 135–36, 87 S.Ct. 932, 936–37, 17 L.Ed.2d 814 (1967).

Lower courts have disagreed on what constitutes a significantly protectible interest. The parties to this action have not cited, and this Court has been unable to locate, any published opinion of the Fourth Circuit guiding district courts on the meaning of the phrase "significantly protectible interest." Courts have recognized that the interest must be a "direct, substantial legally protectible interest in the proceedings." *Liberty Mutual Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 658 (W.D.Pa. 1977); *see Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C.1968), *aff'd in part, rev'd in part*, 408 F.2d 175 (1969). Courts have noted also that the interest "must be of a direct and immediate character so that the intervenor will either gain or lose by the direct legal operation of the judgment." *See* 67A C.J.S.2d *Parties* § 75 n. 70 (1978); *see also Castro Convertible Corp v. Castro*, 596 F.2d 123, 125 (5th Cir.1979). Courts have recognized, however, that an interest contingent on the outcome of other pending litigation is an insufficient interest entitling a party to intervene as a matter of right. *See Independent Petrochemical Corp. v. Aetna Casualty & Sur. Co.*, 105 F.R.D. 106, 110 (D.D.C.1985); *Liberty Mutual*, 76 F.R.D. at 659–60.

Some courts, nevertheless, have allowed a party to intervene in a dispute between an insurer and its insured even though the intervenor's interest was contingent on the outcome of other litigation. *See Greaves*, 110 F.R.D. at 552; *Hartford Accident &*

*Indem. Co. v. Crider,* 58 F.R.D. 15, 18 (N.D.Ill.1973). The court in *Greaves* reasoned that the notion of fairness and the lack of interference to the action caused by the intervention were factors that overcame the contingent nature of the intervenor's interest in the declaratory judgment action. *Greaves,* 110 F.R.D. at 552. The *Crider* court, on the other hand, reasoned that the disposition of the declaratory judgment action seriously would impact the intervenor's ability to recover on a claim against a financially irresponsible tortfeasor. *Crider,* 58 F.R.D. at 18.

This Court does not believe that the *Teague* Plaintiffs' interest is sufficiently significant to entitle them to intervene in ERC's declaratory judgment action. ERC's declaratory judgment action is a dispute between an insurer and its insured over the existence and extent of coverage of an insurance policy. The *Teague* Plaintiffs are not a party to the Policy. The *Teague* Plaintiffs have only a claim against the Defendants and have filed suit to recover on that claim.[2] The court presiding over the *Teague* Class Action has set that case for trial on October 22, 1990. Thus, at this time, the *Teague* Plaintiffs are not judgment creditors of the Defendants in this action. Moreover, because the *Teague* Plaintiffs now have only a claim against the Defendants, rather than a judgment, the *Teague* Plaintiffs directly will not gain or lose by the direct legal operation of the judgment in ERC's declaratory judgment action. At best, the *Teague* Plaintiffs are possible beneficiaries of the Policy contingent upon their obtaining a judgment in the *Teague* Class Action for acts covered by the Policy.

The *Teague* Plaintiffs contend that their interest in ERC's declaratory judgment action is sufficient because of the "substantial certainty that the *Teague* Plaintiffs ... will recover against Bakker, Taggart, and Cortese." It is possible, however, that the *Teague* Plaintiffs will not recover against the Defendants in this action.

In addition to concluding that the *Teague* Plaintiffs do not have a sufficient interest in this declaratory judgment action, the Court also believes that if allowed to intervene and assert a crossclaim against the Defendants, the *Teague* Plaintiffs will complicate and possibly delay the swift and efficient disposition of ERC's declaratory judgment action. It appears that the issues raised by ERC's declaratory judgment action are relatively simple. ERC's declaratory judgment action requires the Court to determine the obligations of ERC under the Policy. If the *Teague* Plaintiffs intervened, however, ERC's declaratory action would evolve into very complex and protracted litigation requiring the factfinder to determine the individual Defendants' liability on fifteen separate claims for relief. *See supra* footnote 1.

Assuming that the *Teague* Plaintiffs have a sufficient interest in ERC's declaratory judgment action, the Court next would need to consider whether the disposition of this action, as a practical matter, would impair or impede the *Teague* Plaintiffs' interest. The Court believes that without doubt, the disposition of ERC's declaratory judgment action, as a practical matter, would impair or impede the *Teague* Plaintiffs' interest. As previously noted, ERC is seeking a court declaration that it has no obligation to its insureds, the Defendants, under the Policy and that the Policy does not cover the claims asserted in the *Teague* Class Action against the Defendants. It seems clear that ERC filed its declaratory judgment action as a result of the *Teague* Class Action and the possibility that it may have to make payments under the Policy. If the *Teague* Plaintiffs are able to obtain a judgment in their favor on claims covered by the Policy, the Court's disposition of ERC's action is significant to the *Teague* Plaintiffs. If ERC prevails in its declaratory judgment action, the *Teague* Plaintiffs

2. In fact, the *Teague* Plaintiffs have filed two separate actions. In late 1987, the *Teague* Plaintiffs filed the *Teague* Class Action in federal district court. In the *Teague* Class Action, the parties have completed discovery and have filed motions for summary judgment. The court has denied the parties' motions for summary judgment. In June 1990, the *Teague* Plaintiffs also filed an action in North Carolina state court.

will have to satisfy their judgment from other assets of the Defendants, including the proceeds of other insurance policies.

Assuming that the *Teague* Plaintiffs successfully have met the first two criteria to entitle them to intervene as a matter of right, the Court next would need to consider whether the present litigants fail adequately to represent the interests of the *Teague* Plaintiffs. Courts should allow a party to intervene unless "it is clear that the [existing parties] will provide adequate representation." *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C.Cir.1980). The Fourth Circuit has recognized that the burden of establishing the lack of adequate representation is minimal. *Newport News*, 646 F.2d at 122; *Westinghouse Elec.*, 542 F.2d at 216; *see Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). The Fourth Circuit also has noted that:

> When the party seeking intervention has the same ultimate objective as the party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate the adversity of interest, collusion, or nonfeasance.

*Westinghouse Elec.*, 542 F.2d at 216.

The Court believes that both the individual Defendants and the *Teague* Plaintiffs have virtually identical objectives in this action: The Court's determination that ERC must fulfill its obligations under the Policy and that the Policy covers the actions of the Defendants. The *Teague* Plaintiffs have filed lawsuits against the individual Defendants in at least two different courts. If the *Teague* Plaintiffs succeed on the merits of their claims, the Defendants will be facing apparently substantial judgments against them. Insurance policies covering the Defendants' actions while working for the Church evidently are some of the many assets that would be available to satisfy any possible judgment obtained by the *Teague* Plaintiffs. If insurance policies do not cover the possible judgments, however, the *Teague* Plaintiffs, as judgment creditors, most certainly would attempt to satisfy their judgment out of the Defendants' personal assets. The Defendants, therefore, have great incentive to contest vigorously ERC's declaratory judgment action. Because of the identity of objectives between the Defendants and the *Teague* Plaintiffs, the Court believes that the presumption favoring adequate representation arises.

Because of the presumption favoring adequate representation, the *Teague* Plaintiffs must demonstrate adversity of interest, collusion, or nonfeasance. The only issue contested by the *Teague* Plaintiffs is nonfeasance. The *Teague* Plaintiffs argue that the Defendants' financial circumstances may not allow them to defend vigorously the validity of the Policy and that ERC's allegations against the Defendants in its Complaint demonstrate the Defendants' nonfeasance.

The Court believes that the *Teague* Plaintiffs have failed to make a sufficient showing of nonfeasance, even if the *Teague* Plaintiffs' burden is minimal. The Court believes that to show nonfeasance, the *Teague* Plaintiffs must show the Defendants' nonfeasance in this litigation. *See McGee Bros.*, 111 F.R.D. at 487 (considering the actions taken by the parties in the litigation, rather than actions taken by the parties giving rise to the lawsuit). In ERC's declaratory judgment action, Defendant Bakker and Defendant Cortese are represented by counsel. Defendant Taggart is appearing *pro se*. Although Defendant Taggart's actions in this suit to date arguably demonstrate his nonfeasance, he is not the only Defendant. In fact, all three Defendants appear to advance the same defenses to ERC's Complaint. Moreover, according to his response to the Complaint, Defendant Taggart apparently contends that the Policy covered him to the same extent it covered Defendant Bakker. Thus, even though Defendant Taggart is representing himself, his interest does not appear to be adverse to the other Defendants, both of whom are represented by counsel.

Furthermore, the Court believes that the *Teague* Plaintiffs' contention regarding the

financial ability of the Defendants to defend ERC's declaratory judgment action is without merit. ERC's declaratory judgment action is fairly simple and straightforward. It does not appear that the costs of this litigation will be excessive or that the Defendants will be unable to afford to defend this action vigorously. The *Teague* Plaintiffs' unsupported and conclusory arguments are insufficiently persuasive to this Court.

Having considered the applicable law and the parties' positions, the Court must deny the *Teague* Plaintiffs' Motion to Intervene. The Court believes that the *Teague* Plaintiffs do not have a significant interest in this litigation entitling it to intervene. Moreover, the Court believes that the *Teague* Plaintiffs have failed to demonstrate that their interests are not adequately represented by the parties to the litigation.

ERC has argued that the Court should not permit the *Teague* Plaintiffs to intervene under Rule 24(b) of the Federal Rules of Civil Procedure. Because the *Teague* Plaintiffs did not seek permissive intervention under Rule 24(b), the Court will not consider ERC's argument.

NOW, THEREFORE, IT IS ORDERED that the Motion to Intervene, filed May 30, 1990, be, and hereby is, DENIED.