**THE TRAVELERS INDEMNITY CO., Plaintiff,**

v.

**Philip BASTIANELLI, et al., Defendants.**

**Civil Action No. 07–10523–JGD.**

United States District Court,
D. Massachusetts.

April 8, 2008.

Joseph S. Berman, Jeremy J. Schug, Looney & Grossman, Boston, MA, for Plaintiffs.

Michael K. Gillis, Gillis & Bikofsky, P.C., Newton, MA, for Intervenor Defendant, Antonio Miravete.

James V. Marano, Jr., Kushner & Marano, P.C., Newton, MA, for Defendant, Ocean Builders, Inc.

## MEMORANDUM OF DECISION AND ORDER ON MOTION TO INTERVENE

DEIN, Unites States Magistrate Judge.

### I. *INTRODUCTION*

The plaintiff, The Travelers Indemnity Co. ("Travelers"), has brought this action against defendants Ocean Builders, Inc. ("Ocean Builders"), its owner, Benjamin Bastianelli, and three other members of the Bastianelli family (collectively, the "Bastianellis"), seeking a declaratory judgment that under the terms of a commercial automobile insurance policy issued to Ocean Builders, it owes no duty to defend or indemnify Ocean Builders or any of the Bastianellis in connection with a personal injury action, *Laborde, et al. v. Bastianelli, et al.*, which is pending in state Superior Court (the "Laborde action"). Ocean Builders and the Bastianellis are named as defendants in that action, which arose out of a motor vehicle accident involving serious injuries to Pilar Laborde.

Presently before the court is the "Motion of Pilar Laborde and Antonio Miravete, Individually and as Father and Next Friend of Beatriz Miravete, Antonio Miravete, Jr., and Carlos Miravete, Minors, to Intervene as Defendants" (Docket No. 11). By their motion, the plaintiffs in the Laborde action ("Intervenors"), are seeking to intervene as defendants in this action as a matter of right pursuant to Fed.R.Civ.P. 24(a) or, alternatively, by permission of the court pursuant to Fed.R.Civ.P. 24(b). Travelers opposes the motion, but the Bastianellis do not. As detailed below, this court finds that the Intervenors have satisfied the requirements of Fed.R.Civ.P. 24(b) and have shown that their participation as defendants in this action will promote the full development of the underlying factual issues as well as the just and equitable adjudication of the pending coverage dispute. Accordingly, their motion to intervene is ALLOWED.

### II. *STATEMENT OF FACTS*

On July 19, 2005,[1] Pilar Laborde was struck by a pickup truck that was backing up while she was walking to her car in a parking lot in Boston, Massachusetts. (Ex. 5 at 1).[2] The pickup truck was owned by defendant Benjamin Bastianelli, and was driven by his sixteen year old son, defendant Philip Bastianelli, at the time of the accident. (*Id.*; Ex. 11 at 1). According to the driver, he was unable to see Ms. Laborde as he was backing the truck up because his view was obstructed by sheets of plywood that extended over the closed tailgate of the vehicle. (Ex. 4 at 40; Ex. 5 at 1). Ms. Laborde suffered serious and extensive injuries, including paralysis, as a result of the accident. (*See* Intervenors' Mem. (attached to Docket No. 11) at 5 n. 1).

The Travelers' policy was issued to Ocean Builders, and not the truck owner, Benjamin Bastianelli. Nevertheless, according to

---

**1.** In their Memoranda, Travelers and the Intervenors refer to July 19, 2006 as the date of the accident. However, the evidence consistently shows that the accident occurred on July 19, 2005.

**2.** The exhibits cited to herein were submitted by the Intervenors and are attached to the Intervenors' Memorandum of Law filed together with the Motion to Intervene (Docket No. 11).

Travelers, its policy "would cover a vehicle not owned by Ocean Builders but only if the vehicle were 'used in connection with your [i.e. Ocean Builders'] business . . . [including] . . . autos owned by your employees, partners . . . members . . . or members of their households but only while used in your business or your personal affairs.'" (Pl.'s Mem. (Docket No. 12) at 3) (additional quotations omitted). Therefore, the question whether Benjamin Bastianelli's pickup truck was being used in connection with Ocean Builders' business at the time of the accident is a critical issue in the instant coverage dispute. A ruling on this issue in this coverage case, however, would also have ramifications in the state case.

Ms. Laborde and her spouse, Antonio Miravete, filed the Laborde action in Suffolk Superior Court against the Bastianellis and Ocean Builders. (*See* Ex. 11 at 1). Ocean Builders is owned by Benjamin Bastianelli and operates as a general contractor in the construction business. (*See* Ex. 3; Ex. 12 at 2; Ex. 14, Answer No. 5). One issue in the Laborde action is whether the truck that was involved in the accident was being used for commercial purposes in connection with Ocean Builders' business. (*See* Intervenors' Mem. at 5 ¶ 13). The Intervenors assert that the truck was used daily in the course of Ocean Builders' business, and was being used for business purposes at the time of the accident. (*See* Intervenors' Mem. at 2 ¶¶ 2–3). They have developed evidence supporting their position, including, *inter alia,* evidence that Philip Bastianelli was acting at his father's direction and delivering plywood to one of his father's job sites at the time he allegedly struck Ms. Laborde. (Ex. 6 at 27–28). If the Intervenors establish this fact, they may prevail against Ocean Builders. In addition, this fact is critical to the applicability of Travelers' $2 million policy. However, the defendants in the Laborde action contend that the truck was being used for personal rather than business reasons. In particular, they assert that Ocean Builders does not purchase wood or wood products, that Philip Bastianelli was hauling debris away from the

family home at the time of the accident, and that Philip was not acting under the direction or supervision of anyone else when the accident occurred. (*See* Ex. 11 at 1–6; Ex. 14, Answer No. 5). The Intervenors believe that the Bastianellis have taken this position in an attempt to insulate Ocean Builders and Benjamin Bastianelli from liability, and "to isolate 100% liability on a minor, non-liquid defendant. . . ." (Intervenors' Mem. at 4 ¶ 9).

Travelers has filed a motion for summary judgment in the instant coverage case. The Intervenors seek to oppose the motion to be able to present the court with all the facts developed as to the purpose for which the truck was being driven at the time of the accident.

Additional facts relevant to this court's analysis are provided below.

## III. ANALYSIS

The Intervenors are seeking intervention as of right pursuant to Fed.R.Civ.P. 24(a) or by permission of the court pursuant to Fed. R.Civ.P. 24(b). Because the Intervenors have shown that their interests would not be adequately represented without their participation in the present litigation, that their presence as parties to this case would be helpful in fully developing the factual record, and that they have otherwise satisfied the requirements of Rule 24(b), their motion for permissive intervention is allowed.[3]

### A. Permissive Intervention Standard of Review

 Fed.R.Civ.P. 24(b) provides in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

3. In light of the court's decision to allow intervention pursuant to Fed.R.Civ.P. 24(b), this court will not address the Intervenors' argument that they are entitled to intervention as of right under Fed.R.Civ.P. 24(a).

In addition, "permissive intervention ordinarily must be supported by independent jurisdictional grounds." *Int'l Paper Co. v. Town of Jay*, 887 F.2d 338, 346 (1st Cir.1989) (quotations and citation omitted). When these requirements are met, "the district court can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion." *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). Such factors may include:

> the nature and extent of the intervenor's interest, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, whether the applicant will benefit by the intervention, whether the intervenor's interests are adequately represented by the other parties, and whether the intervenors will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*In re Acushnet River & New Bedford Harbor: Proceedings re Alleged PCB Pollution*, 712 F.Supp. 1019, 1023 (D.Mass.1989). This court finds that in the instant case, consideration of the Rule's requirements and other relevant factors favors intervention.

### B. *Application of Rule 24(b) to the Record*

■ The Intervenors have established that their claims in the Laborde action share a common question of fact with the present action, namely, whether the truck that struck Ms. Laborde was being used in connection with Ocean Builders' business at the time of the accident. Additionally, the Intervenors' participation as defendants would not destroy this court's diversity jurisdiction over the present action. Travelers is a Connecticut corporation that has a principle place of business in Hartford, Connecticut. (Compl. (Docket No. 1) ¶ 6). The Intervenors are residents of Southboro, Massachusetts. (*See* Ex. 5). Thus, there is no jurisdictional barrier to their intervention as party defendants. *See Int'l Paper Co.*, 887 F.2d at 346 ("Rule 24(b) cannot break down *jurisdictional* barriers to intervention").

This court also finds that the motion to intervene is timely.[4] Travelers does not challenge the timeliness of the motion, nor does it contend that it will suffer any prejudice as a result of the motion. Moreover, the record indicates that the Intervenors contacted the parties within 30 days after learning about the existence of the present action in order to seek assent to their intervention. (Intervenors' Mem. at 14). Thereafter, any delay in filing the motion was caused by the Intervenors' agreement to comply with Travelers' request for an opportunity to consider a draft motion before deciding whether or not to assent. (*Id.*). Therefore, the Intervenors acted reasonably promptly in preparing and filing their motion.

■ Travelers argues that the Intervenors do not have a direct right to sue Travelers until liability is established. *See Tessier v. State Farm Mut. Ins. Co.*, 334 F.Supp. 807, 809 (D.Mass.1971), aff'd, 458 F.2d 1299 (1st Cir.1972). However, a contingent interest is not the same as having no interest. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 639 n. 14 (1st Cir.1989). Given the present posture of this litigation, the Intervenors have an interest in establishing under whose direction the truck was being driven at the time of the accident. This fact will affect liability in the state court action as well as the availability of insurance coverage. Moreover, as noted above, it does not appear that the Bastianellis either can or will represent the Intervenors' interests before this court.

Justice requires that the Intervenors be permitted to present their position in this case so that this critical issue is decided on a

4. The timeliness inquiry involves consideration of the following four factors: "(1) the length of time the applicants knew, or reasonably should have known, of their interest before they petitioned to intervene, (2) the prejudice to existing parties due to the applicants' failure to petition for intervention promptly, (3) the prejudice that applicants would suffer if they were not allowed to intervene, and (4) unusual circumstances militating for or against intervention." *Garrity v. Gallen*, 697 F.2d 452, 455 (1st Cir.1983) (internal citations omitted). *See also In re Acushnet River & New Bedford Harbor*, 712 F.Supp. at 1023 n. 4 (listing factors).

full and complete record. As the court stated in *N.H. Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I.1986), where wrongful death claimants were allowed to intervene in a federal declaratory judgment action brought by the defendant's insurer against the defendant:

> Surely it runs counter to our notions of fairness and justice to find that the [insurance] company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only be aided and served by the assistance of the strongest possible arguments by counsel.

*Id.* at 552. The Intervenors have developed evidence to support their position that the truck involved in the accident was being used for business purposes rather than for personal reasons. That evidence is unlikely to be presented unless the Intervenors are made parties to the case. Since this critical issue should only be decided on a complete record, intervention is appropriate. *See Daggett,* 172 F.3d at 113 ("The fact that the applicants may be helpful in fully developing the case is a reasonable consideration in deciding on permissive intervention.").

## IV. CONCLUSION

■ For all the reasons detailed above, this court finds that the Intervenors have satisfied the requirements of Fed.R.Civ.P. 24(b) and have shown that their participation as defendants in this action will promote the full development of the underlying factual issues as well as the just and equitable adjudication of the pending coverage dispute. Accordingly, the "Motion of Pilar Laborde and Antonio Miravete, Individually and as Father and Next Friend of Beatriz Miravete, Antonio Miravete, Jr., and Carlos Miravete, Minors, to Intervene as Defendants" (Docket No. 11) is ALLOWED.