GREAT AMERICAN INSURANCE
COMPANY, an Ohio corporation,
Plaintiff,

v.

DUNN CORPORATION, et
al., Defendants.

No. G83–840 CA.

United States District Court,
W.D. Michigan, S.D.

Feb. 21, 1984.

Ronald G. Musto, Denenberg, Tuffley, Thorpe, Bocan & Patrick, Grand Rapids, Mich., for plaintiff.

Charles S. Rominger, Jr., Rominger & De Witt, Grand Rapids, Mich., for Dunn Corp.

Bruce G. Hudson, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for William Richards.

Steven J. VanderArk, Warner, Norcross & Judd, Grand Rapids, Mich., for Milner Hotels.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This suit was filed by Great American Insurance Company (Great American) to obtain a judicial declaration of its obligations under a binder of insurance issued to the Dunn Corporation (Dunn) and listing Milner Hotels (Milner) as an additional insured. Presently pending before the Court are five motions: (1) an unopposed motion by William Richards (Richards) to intervene as a defendant in this declaratory judgment action; (2) a motion by Milner for judgment on the pleadings; (3) a motion by Great American to amend its complaint; (4) a motion for summary judgment by Milner; and (5) a motion for costs and attorney fees by Milner. A hearing was held on February 3, 1983 to hear oral arguments on these motions and the Court resolves them as follows.

## MOTION TO INTERVENE

■ Richards alleges that he was a guest at the Milner Hotel and suffered serious injuries as a result of a fire at the hotel on or about June 21, 1983. He claims intervention of right in this suit pursuant to Fed.R.Civ.P. 24(a) which provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

While the Court has some reservations about whether Richards strictly falls within Rule 24, based on the representations of counsel at the hearing on this matter and the existing parties' stipulation to permit Richards to intervene, the Court will grant Richards' motion.

## MOTIONS FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT

■ After filing its answer to the complaint, Milner filed a motion for judgment on the pleadings claiming that Great American had failed to allege any acts by Milner which could be the basis for Great American's claim of misrepresentation. Great American responded by submitting an affidavit purporting to show that Milner had made certain misleading representations to Great American which induced Great American to issue the binder and maintain that insurance binder in force. Great American also filed a motion to amend the complaint to include specific allegations of conduct by Milner employees which Great American claimed was misleading. Milner replied by submitting additional briefing in support of its motion for judgment on the pleadings and, in the alternative, for summary judgment. Because the Court considers matters outside of the pleading in resolving Milner's motion for judgment on the pleadings, the Court, pursuant to Fed.R.Civ.P. 12(c), will treat that motion as one for summary judgment under Fed.R.Civ.P. 56. Rule 56 provides in pertinent part that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.Civ.P. 56(c).

In order to warrant the grant of summary judgment, the moving party must bear the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir. 1976). The opposing party need present its own factual material only if the movant has first met this burden. "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Note, 1963 Amendment to Rule 56(e).

■ In determining whether or not there are issues of fact which must be determined at trial, "the inferences to be drawn from the underlying facts contained in the [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962). Even if the basic facts are not in dispute, summary judgment is not appropriate when contrary inferences may be drawn from them. *United States v. Diebold, Inc.*, 369 U.S. at 655, 82 S.Ct. at 994; *Equal Employment Opportunity Commission v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189*, 427 F.2d 1091, 1093 (6th Cir.1970). Although summary judgment may properly be entered in any type of civil action, the Court must be "extremely hesitant to grant summary judgment on important and complex issues" without an adequate factual basis in the record. *Felix v. Young*, 536 F.2d 1126, 1135 (6th Cir.1976).

■ Plaintiff alleges that Milner induced Great American to issue and continue in force the binder of insurance which is the subject of this lawsuit by failing to disclose certain facts, known to Milner, concerning the insurability of the hotel property. As the United States District Court for the Eastern District of Michigan observed in *Strand v. Librascope, Inc.*, 197 F.Supp. 743, 753 (1961), "[i]n Michigan, even without a fiduciary relationship, a party is under a duty to use diligence in making a complete disclosure of facts where partial disclosure may convey false impressions and mislead the plaintiff. Such half-truths or non-disclosures are considered to be concealment of facts and, therefore, misrepresentations. [citations omitted]." *See, also, United States Fidelity & Guaranty Company v. Black*, 412 Mich. 99, 313 N.W.2d 77 (1981).

■ Although the *Strand* court was concerned with a contract of sale, this Court is not persuaded that similar principles should not be applied in the context of a contract for insurance. The Court notes that the binder of insurance was allegedly issued on June 2, 1983 and that the fire is said to have occurred on or about June 21, 1983. Great American asserts that even if the binder of insurance was issued prior to the time that Great American's agent was in contact with Milner representatives, had Milner disclosed the information it possessed regarding the insurability of the hotel, then Great American could have immediately taken steps to rescind the binder of insurance.

Whether Milner was under a duty to disclose information it possessed concerning the insurability of the hotel prior to issuance of the binder of insurance, whether there was a continuing duty to disclose such information even after the binder had been issued, and whether Milner committed fraud in failing to disclose such information depend, in part, on what each party to the insurance binder knew or should have

known. The Court concludes that resolution of these questions must await full development of the facts at trial. Since factual issues necessary to a judgment in Milner's favor are still disputed, the Court denies Milner's motion for summary judgment.

## MOTION TO AMEND AND MOTION FOR COSTS

■ In regard to Great American's motion to amend its complaint, Fed.R.Civ.P. 15(a) states that courts shall freely grant leave to amend pleadings when justice so requires. In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court declared that "this mandate is to be heeded." Milner has opposed the motion to amend arguing that amendment would be futile for the reasons stated in its motion for summary judgment. Since the Court concludes that plaintiff's proposed claims against Milner are not foreclosed under Michigan law on the present state of the record, the motion to amend the complaint will be granted.

Milner has also filed a motion for costs, including reasonable attorney fees, incurred as a result of the alleged bad faith affidavit of James M. Wells and attachments to that affidavit purporting to show the substance of the insurance policy which would have been issued to Dunn and Milner. Based on the representations of counsel at the hearing on this matter, the Court concludes that the affidavit was not made in bad faith. Consequently, the Court denies Milner's motion for costs.