**ST. PAUL FIRE & MARINE INSURANCE CO.,**
**Plaintiff,**

**v.**

**SUMMIT–WARREN INDUSTRIES CO., et al., Defendants.**

**No. 4:91 CV 2328.**

United States District Court,
N.D. Ohio, E.D.

Aug. 31, 1992.

Stephen M. Kelley, Nathalia S.A. Hardy, Kitch, Saurbier, Drutchas, Wagner & Kenney, Detroit, Mich., for plaintiff.

Harley M. Kastner, Keith L. Pryatel, Millisor & Nobil, Cleveland, Ohio, for defendants.

## ORDER

SAM H. BELL, District Judge.

Currently before the court is a motion to intervene as a party defendant in the above-captioned matter. (Docket # 21) The moving party, the Ohio Edison Company, seeks this intervention pursuant to Federal Rule of Civil Procedure 24(a) and (b). Rule 24 provides, in pertinent part, the following:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24 Ohio Edison seeks intervention under both subsections to Rule 24.

## I. Statement of the Case

The above-captioned matter is related to another suit pending before this court, *Stychno v. Ohio–Edison,* Case No. 5:90 CV 02096. In *Stychno,* the plaintiff claims that Ohio Edison should either be totally or partially responsible for anticipated clean-up costs associated with the removal of PCBs and asbestos at a property site. Stychno seeks a declaration that Ohio Edison is responsible under CERCLA for the costs that will be incurred removing these materials. After the initial complaint was filed, Ohio Edison filed a third-party complaint against Summit–Warren Industries and other which requests contribution, indemnity and asserts that these third-party defendants are responsible for any liability Ohio Edison may incur under CERCLA. Ohio Edison claims that the third-party defendants caused or contributed to the improper waste disposal during their lease of the disputed property from Ohio Edison in late 1970s. After Summit–Warren notified St. Paul of the third-party claim against it, St. Paul filed the instant action in this court against Summit–Warren. The St. Paul complaint, filed on November 15, 1991, seeks a declaratory judgment that it is not responsible for indemnifying Summit–Warren and its shareholders for any liability in the *Stychno* case. St. Paul also asks the court to determine that they have no duty to defend Summit–Warren and related persons in the *Stychno* action.

## II. Rule 24(a)(2)

Intervention as a matter of right is appropriate when the proposed intervenor's demonstrate that the following four criteria have been met:

(1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenor['s] ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenor['s] interest.

*Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990) (citing *Triax Co. v. TRW, Inc.,* 724 F.2d 1224, 1227 (6th Cir. 1984)).

## A. *Timeliness*

■ Courts should consider, in the context of all relevant circumstances, the follow factors when making a timeliness determination:

(1) the point to which the suit has progressed;

(2) the purpose for which intervention is sought;

(3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;

(4) the prejudice to the original parties due to the proposed intervenor['s] failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and

(5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen*, 904 F.2d at 340 (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)).

The case at bar, as plaintiff contends, has progressed:

through initial discovery, including exchange of pleadings, exchange of discovery requests and responses, and the February 17, 1992 deposition of Mr. Glunt. On June 8, 1992, this Court also held a scheduling conference and worked with the parties regarding certain discovery requests, objections and responses. As of discussions last Fall, *none of the parties had been able to locate a copy of either of the alleged Summit–Warren–St. Paul contracts. Efforts in this regard are continuing, with the parties and Summit–Warren's insurance agent to date all being unable to locate copies of the alleged contracts.*

(Plaintiff's Brief at 2–3) Despite St. Paul's assertions to the contrary, this case simply has not significantly progressed. Essentially, the record reveals that the parties have engaged in limited and rather unremarkable discovery.

The interest Ohio Edison seeks to protect is, of course, their ability to obtain indemnification from the defendants in this action who, in turn, seek defense and indemnification from the plaintiff, St. Paul. The plaintiff, as noted above, instituted this action in mid-November of 1991. Ohio Edison sought intervention in the beginning of June, 1992, approximately seven months after St. Paul filed its complaint. Anyone familiar with this case must conclude that Ohio Edison knew or should have known of their interest in this case well before the start of 1992. Indeed, the intervention applicant's third-party complaint in *Stychno* virtually forced the commencement of the instant action. Thus, we turn to the potential for prejudice to the original parties. Although Ohio Edison's motion may fairly be characterized as less-than-prompt, this court can perceive no substantial prejudice to either St. Paul or the Summit–Warren defendants. Simply put, this case has essentially been in a holding pattern. Indeed, as St. Paul admits, the original parties have yet to *locate*, let alone litigate, the insurance contracts which form the basis of this suit. As Ohio Edison convincingly points out, "this case is no further along towards preparation for trial than when it was filed over 7 months ago." (Ohio Edison's Reply Brief at 2) Permitting Ohio Edison to intervene in such a circumstance would cause no prejudice. *See, e.g., Jansen*, 904 F.2d at 341 (intervention timely when proposed six months after "the proposed intervenors knew their interest would be affected.") This determination dovetails with the remaining timeliness factor identified in *Grubbs*, 870 F.2d at 345. This factor, "the existence of unusual circumstances militating ... in favor of intervention", while rarely identified, can be found in this case.

As all parties to this action are aware, the Summit–Warren defendants in the instant action are third-party defendants in the *Stychno* case. Eight days before St. Paul filed the instant case, the Summit–Warren defendants, in *Stychno*, moved for dismissal of the third-party complaint against them in its entirety. That motion, raised issues which had "not been considered by the Sixth Circuit or any Ohio district court". *Stychno v. Ohio–Edison Co.*, 806 F.Supp. 663, 667 (N.D.Ohio 1992). In-

deed this court noted that the arguments raised by the third-party defendants in that case were "tenable". *Id.* at 676. Had that motion been granted, the instant case would likely have dissolved as would the need for Ohio Edison to intervene. While that motion was pending, the St. Paul/Summit–Warren case saw very little progress; which causes this court to question whether the timing of Ohio Edison's motion to intervene was simply a matter of waiting for a ruling on the Summit–Warren motion for dismissal. It is not difficult to conceive that Ohio Edison waited until they could conscionably wait no longer. Similarly, it is very questionable whether a motion for intervention at an earlier date would affect the prosecution of the instant case. Permitting intervention causes the original parties no apparent prejudice. Ohio Edison's motion for intervention is timely.

## B. *Significant Legal Interest in the Subject Matter*

 Here we are asked to determine whether Ohio Edison has "an interest relating to the ... transaction which is the subject of the action...." Fed.R.Civ.P. 24(a)(2). As more than one commentator has noted, "the federal judiciary has experienced considerable difficulty in defining the interest necessary to satisfy Rule 24(a)(2) since the time of its 1966 amendment." Tobias, *Standing to Intervene,* 1991 Wis.L.Rev. 415, 432 (1991); *Panola Land Buying Ass'n v. Clark,* 844 F.2d 1506, 1523 (11th Cir.1988) (Clark, J., dissenting) ("[N]o authoritative definition of this term has emerged."); *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967) ("We know of no concise yet comprehensive definition of what constitutes a litigable "interest" for the purposes of standing and intervention under Rule 24(a)."), *cited*

with approval in *Jansen,* 904 F.2d at 341. In this Circuit, one is required to have "a direct, substantial interest in the litigation...." *Meyer Goldberg, Inc. of Lorain v. Goldberg,* 717 F.2d 290, 292 (6th Cir. 1983). In addition, "interest" for the purposes of Rule 24(a)(2) "is to be construed liberally". *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir.1987) (citing *Hatton v. County Bd. of Educ. of Maury County, Tenn.,* 422 F.2d 457, 461 (6th Cir.1970)). The Supreme Court has said that the interest must be "significantly protectable". *Donaldson v. United States,* 400 U.S. 517, 528, 91 S.Ct. 534, 541, 27 L.Ed.2d 580 (1971). However, as noted by Wright and Miller, " 'significantly protectable interest' has not been a term of art in the law and there is sufficient room for disagreement about what it means...." 7C C. Wright & A. Miller, *Federal Practice and Procedure* § 1908 (1986). The precise question presented here is an example of such disagreement.

In the case at bar, we are confronted with a claimant's right to intervene in an insurance declaratory action. The appropriateness of such an intervention has caused a split in the courts which have confronted this question.[1] *Cf. Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.,* 105 F.R.D. 106 (D.D.C. 1985), *aff'd without opinion,* 784 F.2d 1131 (D.C.Cir.1986) (denying intervention); *New Hampshire Ins. Co. v. Greaves,* 110 F.R.D. 549 (D.R.I.1986) (permitting intervention). This court finds the reasoning of the latter authority persuasive.

In *Independent Petrochemical,* the court denied intervention because "[u]ntil the tort claimants have obtained a judgment against these plaintiffs, their interest is purely hypothetical." 105 F.R.D. at 110. The court concluded:

> While the Court has some reservations about whether Richards strictly falls within Rule 24, based on the representations of counsel at the hearing on this matter and the existing parties' stipulation to permit Richards to intervene, the Court will grant Richards' motion. *Id.* at 1288. Obviously, this case is of little precedential value.

---

1. This court, and apparently the parties, have been unable to locate a Sixth Circuit opinion addressing the issue before us. Within the Circuit, this court has located one court ruling on the precise issue before us. *Great American Ins. Co. v. Dunn Corp.,* 580 F.Supp. 1287 (W.D.Mich. 1984). In *Dunn,* the court permitted a tort claimant to intervene in an insurance coverage declaratory judgment action, ruling that:

[a]bsent a present, non-contingent interest in the insurance policies at issue in the underlying declaratory judgment action, the tort claimants lack the "significantly protectable interest" required for intervention as of right. . . .

*Id.* As a rejoinder to this reasoning, the *Greaves* court engaged in the following analysis:

[w]hile the contingent nature of the movant's interest is certainly an important factor which should influence the court in its determination as to the appropriateness of intervention, this one factor alone should not be determinative.

*Greaves,* 110 F.R.D. 549, 552. Rather, the *Greaves* court suggests that the determination of whether the proposed intervenor's interest is adequate should also look at the "basis of the movant's concern with the litigation, [the] degree of interference with the pending litigation which may result, probable result on the judicial process, [and] the right of the original parties to control the destiny of their own suits. . . ." *Id.* The court concluded:

There is nothing in the wording or history of Rule 24 which indicates intent to exclude would be intervenors whose interest in the pending litigation is not yet vested. In many instances, such exclusion would seem highly inappropriate and unjust. This case presents one such instance. The basis of the movant's concern with the litigation is clear. . . . Permitting the [intervenors] to intervene will create little or no interference with or complication of the litigation. The insurer, having brought the declaratory judgment action, is forced to present its case as to why the policy should be invalidated. Surely it runs counter to our notions of fairness and justice to find that the company would be harmed by being forced to face a stronger, more vigorous opposition. The role of this court and the judicial process is to reach a just and equitable resolution based on the facts, a task which can only be aided and served

by the assistance of the strongest possible arguments by counsel.

*Id. See also Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir.1991) (expressly adopting this reasoning). This analysis is fully applicable to the case at bar. It is undisputed that the insurance contract[s] at issue were obtained pursuant to the lease provisions which form a basis for Ohio Edison's third-party complaint against the Summit–Warren defendants. Those lease provisions obligated Summit–Warren to obtain insurance encompassing other lease provisions calling for indemnification from and defense to property claims.[2] If the insurer prevails in the instant action, Ohio Edison, the proposed intervenor, may be left with a hollow judgment against a defunct corporation. Surely, Ohio Edison has "a direct, substantial interest in the litigation. . . ." *Meyer Goldberg, Inc. of Lorain v. Goldberg,* 717 F.2d 290, 292 (6th Cir.1983).

c. *Impairment of Interest Through Disposition of Action*

 An analysis of this criteria for intervention, of course, coincides with an examination of the nature of the interest as outlined above. As noted above, Ohio Edison does have a weighty, albeit contingent interest in the instant case. This interest may be impaired or impeded by the disposition of this case. Summit–Warren has represented itself to this court as a "dissolved" corporation, clearly drawing into question its ability to satisfy any judgment against it. (*See Stychno v. Ohio Edison,* case no. 5:90 CV 2096, docket # 56) ("Summit–Warren dissolved as a corporate entity eight years prior to commencement of the civil action. . . .") If St. Paul is victorious in the instant case, Ohio Edison's recourse would be against a defunct corporation and related persons, the assets of which are clearly questionable. As noted by the Fourth Circuit:

[i]f [the insurer] prevails in this declaratory judgment action, the [plaintiffs] (the . . . intervenors in this action would have

---

**2.** Indeed, Ohio Edison, under Ohio law, may well be a third-party beneficiary to the contract[s] at issue in the case at bar. The evidence proffered by Ohio Edison indicates that the contracts were made and entered into with the intent to directly benefit Ohio Edison. *See Chitlik v. Allstate Ins. Co.,* 34 Ohio App.2d 193, 196–197, 299 N.E.2d 295 (1973).

to satisfy their judgment from other assets of the insureds and the existence and amount of such assets are questionable. Thus, we find that the district court was correct in ruling that disposition of [the insurer's] declaratory judgment action would impair or impede the ... Intervenors' ability to protect their interest in the subject matter of this litigation. *Teague v. Bakker*, 931 F.2d at 261. Accordingly, the plain language of Rule 24(a)(2) mandates a conclusion that Ohio Edison has fulfilled the third criteria for intervention of right. Simply put, disposition of the instant action "may as a practical matter impair or impede the applicant's ability to protect that interest." Fed.R.Civ.P. 24(a)(2).

D. *Inadequate Representation of that Interest*

 The applicant for intervention bears the burden of showing his representation is inadequate. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987). As noted by the Supreme Court:

The requirement of the Rule is satisfied if the applicant shows that the representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.

*Trbovich v. Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). When, the proposed intervenors and a party to the suit share the same ultimate objective, a presumption of adequacy of representation arises. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.1987). It is the applicant's burden to overcome this presumption. *Id.* In this circumstance, it has been said that

an applicant for intervention fails to meet his burden of demonstrating inadequate representation "when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty."

*Bradley*, 828 F.2d at 1192 (*quoting Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir.1982)). It is this court's opinion that an

applicant's method of establishing inadequate representation is not limited to a showing of these circumstances. The test quoted above derives from then-Judge Blackmun's statement that:

inadequacy of representation *is or may be shown by* proof of collusion between the representative and an opposing party, by the representative having or representing an interest adverse to the intervener (sic), or by the failure of the representative in the fulfillment of his duty.

*Stadin v. Union Electric Co.*, 309 F.2d 912, 919 (8th Cir.1962), *cert. denied*, 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963). As noted by Wright and Miller,

It is one thing to say that inadequate representation can be shown by establishing one of three circumstances. It is quite another to say that representation is adequate unless one of those three circumstances is present. If Judge Blackmun had said that representation is inadequate "only" if one of the circumstances he listed were present the proposition would be reversible, but he did not say that and there is nothing in his opinion to indicate that he was endeavoring to give a comprehensive list of the circumstances that can establish inadequacy of representation. The wide variety of cases that come to the courts make it unlikely that there are three and only three circumstances that would make representation inadequate and suggest that "adequacy of representation is a very complex variable indeed."

7C C. Wright & A. Miller, Federal Practice & Procedure § 1909 at 318 (1986) (quoting Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv.L.Rev. 721, 748 (1968)). Thus, we should consider whether the intervention applicant has shown inadequacy taking into consideration all proffered circumstances.

 Wright & Miller suggest that when, as here, the applicant and a party to the suit share the same ultimate objective, the applicant must generate a "concrete showing of circumstances in the particular case that make the representation inadequate." 7C C. Wright & A. Miller, Federal Practice

and Procedure § 1909 at 340 (1986). As Ohio Edison points out:

> [i]n this case, Summit Warren is a defunct corporation and has absolutely no ability to represent the interest of Ohio Edison in the insurance proceeds. Mr. Glunt is also a man of limited means who "may" not have the ability to as vigorously pursue his rights to the insurance proceeds and a defense as would be done by Ohio Edison.

(Ohio Edison's Reply Brief at 6) Under these circumstances, the Ohio Edison has fulfilled its burden of making a concrete showing of inadequacy of representation. *See, e.g., Teague v. Bakker*, 931 F.2d at 262:

> we find that on the present facts the district court has failed to heed the Supreme Court's determination that the burden on the applicant of demonstrating a lack of adequate representation "should be treated as minimal". It is undisputed that the insureds have limited financial resources. ... Given the financial constraints on the insured's ability to defend the present action, there is a significant chance that they might be less vigorous than the [proposed intervenors] in defending their claim to be insureds under the ERC policy. We therefore find that the district court erred in ruling that the interests of the [proposed intervenors] are adequately represented by the present litigants in this action.

(citations omitted) Ohio Edison has concretely shown that the representation of its interest is inadequate, surpassing the Supreme Court admonition that "the requirements of the Rule is satisfied if the applicant [has] show[n] that representation of his interest 'may be' inadequate." *Trbovich v. Mine Workers*, 404 U.S. at 538 n. 10, 92 S.Ct. at 636 n. 10.

Ohio Edison has met all criteria established for intervention under Rule 24(a)(2).

### III. Rule 24(b)(2)

Ohio Edison also seeks intervention pursuant to the provisions of Federal Rule of Civil Procedure 24(b)(2). As both the above reasoning and that in its briefs make clear, Ohio Edison clearly meets the less-than-stringent requirements for permissive intervention. Rule 24(b)(2) likewise permits the intervention Ohio Edison seeks.

### IV. Conclusion

As the foregoing analysis makes clear, Ohio Edison is, and of right ought to be, permitted to intervene as a party defendant in the above-captioned matter. Accordingly, the Ohio Edison Company's motion to intervene in this matter, Docket # 21, is GRANTED.

IT IS SO ORDERED.